# In the United States Court of Appeals

# For the Fifth Circuit

―――――――――

m 02-30197

―――――――――

ALICIA TANGUIS, ETC., ET AL.,

Plaintiffs,

ALICIA TANGUIS,
ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED IN THE STATE OF LOUISIANA;
DONALD F. MANKIN, JR.,
ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED IN THE STATE OF LOUISIANA;
GEORGE A. BARISICH,
ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED IN THE STATE OF LOUISIANA;
MEDRIC MEYER,
ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED IN THE STATE OF LOUISIANA;
PRESTON SALTALAMACCHIA,
ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED IN THE STATE OF LOUISIANA,

Plaintiffs-Appellants,

VERSUS

WESTCHESTER M/V, ET AL.,

Defendants,

WESTCHESTER M/V
AND
ERMIS MARITIME CORPORATION,

Defendants-Appellees.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE MATTER OF:
MARINE OIL TRADER 3 LIMITED,
AS OWNER OF M/V WESTCHESTER PETITIONING FOR
EXONERATION FROM OR LIMITATION OF LIABILITY;
TRITON MARINE, S.A.,
AS MANAGER OF M/V WESTCHESTER PETITIONING FOR
EXONERATION FROM OR LIMITATION OF LIABILITY;
ERMIS MARITIME CORPORATION,
AS MANAGER OF M/V WESTCHESTER PETITIONING FOR
EXONERATION FROM OR LIMITATION OF LIABILITY.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MARINE OIL TRADER 3 LIMITED,
AS OWNER OF M/V WESTCHESTER;
TRITON MARINE, S.A.,
AS MANAGER OF M/V WESTCHESTER;
ERMIS MARITIME CORPORATION,
AS MANAGER OF M/V WESTCHESTER,

Petitioners-Appellees,

VERSUS

ISTVAN ABONYI, ET AL.,

Claimants.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
ᥢ 01-CV-3559-N

_____

December 10, 2002

2

Before SMITH, BARKSDALE, and
    EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

This is a putative state class action that was subsumed, on removal to federal court, by a limitation of liability action. The appellants assert error in the district court's dismissal of potential claims. We have read the briefs and the applicable law, have heard the arguments of counsel, and have consulted pertinent portions of the record.

Because the limitation of liability action terminates appellants' status as asserted class representatives, appellants have no standing to pursue this appeal on behalf of potential claimants. Because of the lack of standing, we have no jurisdiction over the appeal.

The appeal, accordingly, is DISMISSED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

3